UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY BLANKENSHIP, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:10-CV-1821-G |
| WEINSTEIN & RILEY, P.S., ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are (1) the motion of the plaintiffs, Larry Blankenship ("Blankenship"), Jackie Abbott, Michael Jansky ("Jansky"), and Carl D. Tillery (collectively, the "plaintiffs"), to remand this case to the state court from which it was previously removed, and (2) the motion of the defendant, Elias V. Lorenzana Jr. ("Lorenzana"), to dismiss the plaintiffs' claim against him. For the reasons set forth below, the plaintiffs' motion to remand is granted in part and denied in part, and the court withholds decision on Lorenzana's motion to dismiss so that the state court may address it on remand.

## I. BACKGROUND

On July 30, 2010, the plaintiffs filed this case in the County Court at Law Number 1 of Dallas County, Texas, against the defendants Weinstein & Riley, P.S.

("Weinstein"), Lawrence Reinhold, Daniel Ross ("Ross"), Christopher G. Hartman, Thomas Brixius, Rochelle Shuffield ("Shuffield"), Jason Anderson ("Anderson"), Balekian Hayes, PLLC, Kris Balekian Hayes, and Lorenzana (collectively, the "defendants").

## A. Federal Claims

The plaintiffs allege that Weinstein and Shuffield violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a)(4) and (5), by failing to furnish a statement verifying the debt owed by the plaintiffs and a statement indicating the name and address of the original creditor. *See* Plaintiffs' First Amended Original Petition ("Petition") ¶¶ 151-64, *attached to* Notice of Removal *as* Exhibit A-6. FDCPA § 1692(a)(4) provides that a debt collector must send a consumer a written notice containing "a statement that if the consumer notifies the debt collector in writing within the thirty-day period [after receipt of the notice] that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." *Id*. FDCPA § 1692(a)(5) provides that a debt collector must send a written notice containing "a statement that, upon the consumer's written request within the thirty-day period [after receipt of the notice], the debt-collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." *Id*.

B.  State-Law Claims

The plaintiffs contend that Weinstein, Ross, and Anderson violated Sections 392.304(a)(5), (8), (10), (14), (16), (17), and (19) of the Texas Finance Code by contacting Blankenship and Jansky regarding a consumer debt allegedly owed to Dodeka L.L.C.  Petition ¶ 20.  These defendants allegedly contacted the plaintiffs while not being licensed attorneys or authorized debt collectors in Texas.  Petition ¶ 28.  Furthermore, the plaintiffs aver that Lorenzana used deceptive and misleading representations, in violation of sections 392.304(a)(10), (14), and (19) of the Texas Finance Code, by allowing his name to appear on the letterhead of a letter from Weinstein.  *See generally* Petition.

On September 13, 2010, the defendants removed this case to federal court on the basis of federal-question jurisdiction.  *See* Notice of Removal at 1-2.  The plaintiffs move to remand this case, and Lorenzana moves to dismiss the plaintiffs' claims against him.

II.  ANALYSIS

A.  Motion to Remand

On October 6, 2010, the plaintiffs filed objections and responses to the defendants' notice of removal and moved to remand the case.  The plaintiffs insist that, under 28 U.S.C. § 1441(c), all of their claims should be remanded to state court because state law predominates in this action.  In the alternative, the plaintiffs argue

that their claims relating to the unauthorized practice of law and violations of the Texas Finance Code should be remanded as separate and independent state-law claims which do not qualify for supplemental jurisdiction under 28 U.S.C. § 1441(c). Plaintiffs' Objections and Responses to Defendants' Notice of Removal; Plaintiffs' Motion for Remand; and Plaintiffs' Brief in Support of Plaintiffs' Motion to Remand at 11.

1. *The Plaintiffs' FDCPA Claim Authorizes Removal*

Title 28, Section 1441(a) of the United States Code, permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted). Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Company*, 128 F.3d 919, 922 (5th Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988). "Any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F.Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100,

108-09 (1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934).  The burden of establishing federal jurisdiction is on the party seeking removal.  *Frank*, 128 F.3d at 921-22; *Willy*, 855 F.2d at 1164.

District courts have federal-question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331; *Frank*, 128 F.3d at 922.  In determining whether a claim arises under federal law, the well-pleaded complaint rule allows a plaintiff to be the "master to decide what law he will rely upon" in pursuing his claims.  *The Fair v. Kohler Die & Specialty Company*, 228 U.S. 22, 25 (1913); see also *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Aaron*, 876 F.2d at 1160-61.

"Although the district court has discretion to remand state law claims that were removed along with one or more federal question claims, it may not remand the component claims that are conclusively deemed to have arisen under federal law, absent a defect in the removal procedure or circumstances rendering the retention of jurisdiction 'inappropriate.'"  *Laurents v. Arcadian Corporation*, No. 94-41183, 1995 WL 625394, at *2 (5th Cir. Oct. 4, 1995) (quoting *Buchner v. Federal Deposit Insurance Corporation*, 981 F.2d 816, 819-20) (5th Cir. 1993)); see also *Poche v. Texas Air Corps, Inc.*, 549 F.3d 999, 1005 (5th Cir. 2008).

In their state court petition, the plaintiffs expressly assert a federal cause of action against the defendants under the FDCPA.  *See* Petition ¶¶ 151-64.  In

particular, the plaintiffs allege that the demand letter sent by the defendants failed to comply with the FDCPA. See *id*. Thus, this claim arises exclusively under federal law, 15 U.S.C. §§ 1692g(a)(4) and (5). Because the plaintiffs do not allege any defect in the removal procedure or circumstances rendering the retention of jurisdiction inappropriate, the district court must retain this federal claim. *Buchner*, 981 F.2d at 819-820.

### 2. *The Plaintiffs' State-Law Claims Should be Remanded*

Title 28, Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. §1441(c).

Although 28 U.S.C. § 1441(c) prohibits district courts from remanding claims that have conclusively arisen under federal law, it gives the district court discretion to remand state-law claims that were removed along with one or more federal-question claims. *Poche*, 549 F.3d at 1005. Section 1441(c) allows the district court to remand separate and independent state law claims, if state law predominates in those claims. *Id*. at 1003.

Section 1441(c) permits remand of state-law claims only when the state-law claims are: (1) separate and independent from the removed federal-question claim, (2) joined with a federal question, (3) otherwise non-removable, and (4) a matter in which state law predominates. *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 105 (5th Cir. 1996). A state-law claim is not separate and independent from a federal claim if both claims involve "substantially the same facts." *Id*. at 104. A federal court may, however, decline to exercise pendent jurisdiction over burdensome state claims. *California v. ARC America Corporation*, 490 U.S. 93, 94 (1989). "[W]ide discretion to remand . . .enable[s] district courts to deal with appropriate cases involving pendent claims in the manner that best serves the principles of judicial economy, procedural convenience, fairness to litigants, and comity to the States which underlie the pendent jurisdiction doctrine." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 343 (1988); see also *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

In *Eastus*, above, Blue Bell threatened to fire its employee, Greg Eastus ("Eastus"), if he took time off to witness the birth of his child. *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d at 102. The termination of Eastus's employment allegedly distressed the Eastus family. *Id*. Eastus averred that after the termination, Blue Bell told Eastus' potential employers that Eastus was disloyal. *Id.* at 103. Thereafter, Eastus sued Blue Bell in a Texas state court for violation of the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(b), intentional infliction of

emotional distress, and tortious interference with prospective contractual relations. *Eastus*, 97 F.3d at 103. The federal district court remanded both state-law claims. *Id*. The Fifth Circuit found that the district court abused its discretion in remanding the intentional infliction of emotional distress claim because the FMLA claim and the intentional infliction of emotional distress claim arose from Blue Bell threatening to fire Eastus, and thus were not separate and independent from each other. *Id.* at 105. The court concluded, however, that the district court properly remanded the plaintiffs' tortious interference claim because it was based on an act -- retaliating against Eastus -- which occurred *after* termination. *Id.* The two acts, termination and retaliation, occurred independently of each other because "Eastus could have sought new employment even without being fired." *Id*. at n.4. The FMLA claim and the tortious interference claim thus involved substantially different facts. *Id*. at 105. Because Eastus's state-law tortious interference claim was separate and independent from the federal FMLA claim, the district court had discretion to remand the tortious interference claim. *Id*.

  *Eastus* is controlling. Here, there is no dispute that the plaintiffs' state-law claims are joined with a federal question, are otherwise non-removable, and are matters in which state law predominates. The only question, therefore, is whether the plaintiffs' state-law claims are separate and independent from the removed federal-question claim. The court finds in the affirmative. The violations of the

Texas Finance Code and the FDCPA claims here are separate and independent from each other because the plaintiffs' unauthorized practice of law claim arises from the defendants' allegedly misleading and deceptive participation in mailing the unauthorized demand letter, whereas the FDCPA claim arises from the defendants' omission of information that is required by the FDCPA in the text of the letter itself. The issue of whether the defendants' conduct constitutes deceptive and misleading collection under the Texas Finance Code is separate and distinct from whether the demand letter the defendants allegedly sent included the information required by the FDCPA. The plaintiffs' state and federal law claims may be proved independently and do not involve "substantially the same facts." *Eastus*, 97 F.3d at 104. Therefore, the unauthorized practice of law claim will be remanded.[*]

It is important to note that the decision to remand the plaintiffs' state-law claims also furthers the principle of comity. Accord *Frank*, 128 F.3d at 922. Because state law "predominates" in these claims, the court finds it appropriate to defer to the

---

[*] The district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, the same reasoning applies to the exercise of supplemental jurisdiction as the exercise of section 1441(c) discretionary authority to remand. The facts supporting the state-law and federal claims are distinct because the facts supporting the state-law claim involve deceptive practices with regards to the placing of a name on a letterhead, whereas the facts supporting the federal claim involve omitting certain information from the text of the letter. These operative facts do not share a common nucleus. Therefore, the court elects not to exercise supplemental jurisdiction over the plaintiffs' state-law claims.

state courts' judgment on these novel issues. Moreover, exercising pendent jurisdiction would not promote judicial economy or fairness to the parties involved. Consequently, the plaintiffs' state-law claims are remanded.

## B. Motion to Dismiss

Because the plaintiffs' state-law claims are being remanded to the state court from which this case was removed, and because the plaintiffs' claims against Lorenzana are exclusively state-law claims, the court need not address Lorenzana's motion to dismiss. Accordingly, decision of Lorenzana's motion to dismiss is withheld so that it may be addressed by the state court on remand.

## III. CONCLUSION

The plaintiffs' motion to remand is **GRANTED** as to their claims arising under Texas law but **DENIED** as to their claim under the FDCPA. The clerk shall mail a certified copy of this memorandum opinion and order to the **County Clerk of Dallas County, Texas**. 28 U.S.C. ¶ 1447(c).

**SO ORDERED**.

July 12, 2011.

_____
**A. JOE FISH**
**Senior United States District Judge**